[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15586
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 22, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-02077-CV-B-NE

LULA T. BECKWITH,

Plaintiff-Appellant,

versus

BELLSOUTH TELECOMMUNICATIONS INC.,
and KEMPER NATIONAL SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 22, 2005)

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Lula Beckwith, a 54-year old African American female, pro se appeals the dismissal of her complaint of discrimination in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, and the Employee Retirement Income Security Act. The district court dismissed Beckwith's complaint with prejudice as a sanction for not complying with its orders. Although the district court properly exercised its discretion by requiring Beckwith to provide a more definite statement of her complaint and by refusing to clarify a verbal order in writing, we conclude that the district court abused its discretion when it dismissed Beckwith's complaint with prejudice without a finding of bad faith or wilfulness and that a lesser sanction would not suffice. We, therefore, affirm in part, reverse in part, and remand to the district court.

## I. BACKGROUND

On August 26, 2002, Beckwith filed her fourth complaint of various forms of discrimination against BellSouth Telecommunications Inc. and Kemper National Services. Kemper and BellSouth moved to dismiss the complaint based on res judicata. Because Kemper and BellSouth submitted evidence outside the pleadings, the district court informed Beckwith that it would consider the motion as one for summary judgment.

2

On September 22, 2003, the district court dismissed with prejudice some of Beckwith's claims, and, in a separate order, the district court directed Beckwith to file an amended complaint that complied with Rules 8(a), 8(e)(1), 10(b), and 11(b) of the Federal Rules of Civil Procedure. The court included the text of the rules in the order. The court specifically instructed that "each count in the amended complaint should contain no more than one discrete claim for relief against one defendant. The amended complaint must also contain allegations of fact that support each discrete claim. Failure to comply with this order may result in this action being dismissed." On October 17, 2003, Beckwith filed an amended complaint. The amended complaint contained allegations similar to Beckwith's original complaint. Kemper and BellSouth then moved the court to require Beckwith again to file a more definite statement under Federal Rule of Civil Procedure 12(e).

The district court orally granted the motion for a more definite statement at a scheduling conference held on November 17, 2003. Although there is no transcript of the conference, the district court stated, in its order of dismissal, that, at the conference, "[t]he court discussed with plaintiff the court's September 22, 2003, Order and the problems with plaintiff's Amended Complaint. The court informed plaintiff that her Complaint did not comply with the Federal Rules of

3

Civil Procedure and discussed with the plaintiff the requirements of a valid Complaint." The district court allowed Beckwith a month to file a second amended complaint.

On December 19, 2003, Beckwith filed a second amended complaint. The second amended complaint contained a "Statement of Facts" that was similar to the facts in her two earlier complaints. Beckwith began with an explanation of her employment history and then alleged that she was discriminated against when she was terminated and denied benefits by BellSouth and Kemper. She also complained that she was discriminated against in the denial of short and long term disability benefits by Kemper and BellSouth. Beckwith alleged violations of "42 U.S.C. section 2000," Title VII, the FMLA, the ADA, and ERISA.

On January 8, 2004, Kemper and BellSouth moved to dismiss the second amended complaint. On August 27, 2004, the district court dismissed the complaint with prejudice. The court noted that "[n]one of the documents filed by plaintiff have come close to advising defendants what acts or conduct of defendants form the basis of plaintiff's claims." The court stated that it gave "plaintiff several opportunities to correct the deficiencies in her Complaint," but that "Plaintiff has been unable or unwilling to file a Complaint that could be read to require an Answer from defendants." Beckwith now appeals.

4

## II. DISCUSSION

Beckwith makes three arguments on appeal. She first contends that the district court erred when it granted the motion by Kemper and BellSouth for a more definite statement. Beckwith next argues that the district court erred when it did not respond to her motion for a written order to clarify its verbal order at the Scheduling Conference. Finally, Beckwith argues that the district court abused its discretion when it dismissed her complaint with prejudice as a sanction. We address each argument in turn.

### A. Motion for More Definite Statement

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires that the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and] [e]ach claim found upon a separate transaction or occurrence . . . shall be stated in a separate count." Fed. R. Civ. P. 10(b). Although we construe them liberally, pro se complaints also must comply with the procedural rules that govern pleadings. See McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993).

The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading." Byrne v. Nezhat, 261 F.3d 1075, 1129-30 (11th Cir. 2001). We have explained that, because "shotgun" pleadings present an unfair burden on a defendant, the plaintiff should be required to provide a more definite statement of his complaint:

> [I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. Under the Federal Rules of Civil Procedure, a defendant faced with a [shotgun] complaint . . . is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement. Where . . . the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984). Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996) (footnote omitted).

Beckwith's complaints were essentially "shotgun" pleadings. Only a few of her claims were specific as to any defendant, and the relevant facts were not

6

segregated to each of their respective claims. It is virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant. We do not require the district court, or the defendants, to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296 n.9 (11th Cir. 2002) (citations omitted). The district court did not abuse its discretion when it ordered Beckwith to file a more definite statement; that order followed exactly the advice of this Court. See Anderson, 77 F.3d at 366-67.

### B. Motion for Clarification

Beckwith next argues that the district court erred when it did not respond to her motion for the court to issue a written order to clarify its verbal order given at the scheduling conference. We review this claim for abuse of discretion. See Brown v. Thompson, 430 F.2d 1214, 1216 (5th Cir. 1970). The district court did not abuse its discretion when it failed to issue another written order. The district court had already explained to Beckwith the relevant rules of civil procedure to in its September 22, 2003, order.

### C. Dismissal as Sanction

On a motion by the defendant, a district court may dismiss a complaint for

failure to prosecute or to obey a court order or federal rule. Fed. R. Civ. P. 41(b). The power to dismiss is an inherent aspect of the authority of the court to enforce its orders and insure prompt disposition of lawsuits. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Because dismissal with prejudice is a drastic sanction, a district court may impose it only as a last resort, when: (1) the failure to comply with a court order is a result of willfulness or bad faith, see BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1049 (11th Cir. 1994), and (2) the district court specifically finds that lesser sanctions will not suffice, see Gratton v. Great Am. Communications, 178 F.3d 1373, 1375 (11th Cir. 1999). "The task of the reviewing court is to determine whether the trial court, in exercising its authority to dismiss, abused its discretion." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

Although we agree that Beckwith did not comply with the orders of the district court, and the record shows that the district court has been patient with Beckwith, we cannot affirm the dismissal of Beckwith's complaint with prejudice. The district court made neither a finding of wilfulness or bad faith nor a finding that a lesser sanction would not suffice. See Gratton, 178 F.3d at 1375. We cannot say that Beckwith's failure to comply with the orders of the district court

8

was a result of bad faith or wilfulness. The record shows that Beckwith twice amended her complaint in response to the orders of the district court, although her amendments were still deficient.

We also do not conclude that the defendants must answer the second amended complaint, nor that the district court may not dismiss the complaint. The second amended complaint is a "shotgun" pleading, and the district court is empowered to remedy this sort of abusive pleading. As to the most severe sanction, the district court may dismiss the complaint with prejudice only if it finds that Beckwith's failure to comply is willful or in bad faith and that lesser sanctions will not suffice. Because the district court did not make those findings, it abused its discretion when it dismissed the complaint with prejudice.

### III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**