**Yan ZOCARAS, Petitioner,**

v.

**Detective CASTRO, et al., Respondent.**

No. 03–22034–CIV.

United States District Court,
S.D. Florida.

Oct. 19, 2005.

Angela Teresa Puentes, Carlton Fields, Miami, FL, Yan Zocaras, Pro se, Hamilton Correctional Institution, Jasper, FL, Robert Wayne Hudson, Infante, Zumpano, Hudson & Miloch, Coral Gables, FL, for plaintiff.

Christopher Allan Green, Miami City Attorney's Office, Miami, FL, for defendants.

### ORDER OF DISMISSAL

LENARD, District Judge.

**THIS CAUSE** is before the Court on Defendants' ore tenus Motion under Federal Rules of Civil Procedure 10, 11 and 41 to Dismiss with Prejudice, made during Jury Trial on September 28, 2005. While no response was filed, both parties had an opportunity to present their respective arguments in open Court in a hearing held September 29, 2005. (*See* D.E. 211.) The oral ruling made at the hearing is incorporated by reference into this Order and is supplemented as follows:

### I. Factual and Procedural Background

On July 21, 2003, Plaintiff filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against several City of Miami police officers over an incident involving Plaintiff's arrest and an alleged attack by two police dogs. (Case No.: 03–2204–CIV–LENARD/KLEIN, D.E. 1.) This complaint was filed by Plaintiff under the name Yan Zocaras, a/k/a Carlos Vasquez, and was signed under penalty of perjury. On December 21, 2004, Plaintiff filed another complaint, also pursuant to 42 U.S.C. § 1983, alleging substantially similar facts. (Case No.: 04–23183–CIV–LENARD/KLEIN, D.E. 1.) This second complaint was also filed by Plaintiff under the name Yan Zocaras, a/k/a Carlos Vasquez, and was also signed under penalty of perjury. These cases were ultimately consolidated by the Court on February 15, 2005 under Case No.: 03–22034–CIV–LENARD/KLEIN. (D.E.8.)

Jury trial began for this consolidated action on September 26, 2005. (*See* D.E. 210.) During trial, Plaintiff stated while on the witness stand that his name was Yan Zocaras. (Jury Trial Transcript at 3:15–16.) However, when asked on direct if he was known by any other names, Plaintiff revealed for the first time that his true name was

Cesar Vasquez. (*Id.* at 3:17–25.) It is undisputed that Plaintiff had not disclosed his true name on any legal document or at any time prior to Jury Trial during the pendency of this action. Later, on cross-examination, Plaintiff admitted that Yan Zocaras was a false name. (*Id.* at 31:20–21.) Plaintiff further admitted that he had been issued and signed a Florida Driver's License, a copy of which was entered as Defendant's Exhibit 18, under the false name Yan Zocaras. (*Id.* at 32:4–6; 48:7 to 49:3.) Plaintiff also admitted that he had given police the false name Carlos Vasquez when he was arrested during the incident in question. (*Id.* at 32:7–11.) When asked on redirect to explain to the jury why he had used the false name Yan Zocaras, Plaintiff responded that he had been sentenced under the name Yan Zocaras and that when he had asked to change his name, he was told that he had to continue to use that name until his sentence was over. (*Id.* at 49:11–23.) Thus, Plaintiff testified that he filed his complaint under the false name that he had in prison because he believed he couldn't file it under his true name. (*Id.* at 49:23 to 50:1.)

At the close of proceedings on September 28, 2005, Defendants made an ore tenus Motion under Federal Rules of Civil Procedure 10, 11 and 41 to Dismiss with Prejudice for Plaintiff's failure to disclose his true name. The next day, the Court conducted a hearing on the Motion and provided Plaintiff an opportunity to provide further testimony on this issue. (Jury Trial Transcript at 52:11–17.) However, the Court required that Plaintiff be advised of and waive his Fifth Amendment rights if he wished to testify. (*Id.* at 52:17–22.) After being fully apprised of his rights by his counsel and a Federal Public Defender who had been brought in to assist on the matter, Plaintiff chose not to waive his Fifth Amendment rights. (*Id.* at 63:23 to 64:7.)

## II. Parties' Arguments

In support of their Motion, Defendants rely on *Dotson v. Bravo*, 321 F.3d 663 (7th Cir.2003). In that case, under very similar facts, the Court found that dismissal with prejudice by the district court was a proper sanction for Plaintiff's failure to proceed under his true name. (*Id.* at 669.) Further, Defendants argue that they had no duty to discover Plaintiff's true identity; instead, Federal Rule of Civil Procedure 11 imposes an affirmative duty on the Plaintiff as the architect of his pleadings to be truthful and avoid filings in bad faith. (*Id.* at 67:21 to 68:1.) Moreover, Defendants argue that Plaintiff's deception was intentional. (*Id.* at 68:8–9.) In support of this assertion, Defendants point to Plaintiff's Florida Driver's License, obtained years before the instigation of this proceeding, as well as the fact that Plaintiff never disclosed his true name as an alias or otherwise at any time before the Jury Trial. (*Id.* at 68:2–18.) Finally, Defendants argue that the Court has an inherent authority to prevent the justice system from being undermined by persons perpetuating a fraud. (*Id.* at 67:15–20.)

In opposition to this Motion, Plaintiff argues that once he was committed under the name Yan Zocaras, the Department of Corrections, pursuant to Florida Administrative Code 33–603.010, would only recognize that name. (*Id.* at 12–18.) Further, he argues that he could not receive mail under the names Carlos or Cesar Vasquez and was instructed that Yan Zocaras was his name until he finished his sentence. (*Id.* at 19–24.) Thus, Plaintiff argues that his failure to disclose his true name was the result of negligence or lack of comprehension, rather than willfulness or bad faith, as required for dismissal by the Eleventh Circuit. (*Id.* at 64:24 to 66:6; *Beckwith v. Bellsouth Telecommunications, Inc.*, 146 Fed.Appx. 368, 372–73 (11th Cir.2005).) Plaintiff argues that his willingness to provide his true name at trial further undermines the contention that he acted out of bad faith. (*Id.* at 66:21 to 67: 6.) Further, Plaintiff attempts to distinguish *Dotson*, where the plaintiff repeatedly refused to comply with discovery orders, from the instant case where Plaintiff was never served with discovery or interrogatories requesting his full name and other names he'd gone by. (*Id.* at 66:7–18.) Therefore, Plaintiff argues that Defendants' ignorance as to Plaintiff's true name is the result of their own fault for failing to conduct discovery before the trial. (*Id.* at 66:19–25.)

### III. Analysis

▮ Rule 10(a) of the Federal Rules of Civil Procedure requires that a complaint contain the names of the parties. *Fed. R.Civ.P.* 10(a). Rule 11(b) stipulates that, by filing a paper with the court, a party is certifying that such paper is not being presented for an improper purpose. *Fed. R.Civ.P.* 11(b). Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b). *Fed.R.Civ.P.* 11(c). In addition, Rule 41(b) expressly authorizes the involuntary dismissal of a claim for Plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. *Fed.R.Civ.P.* 41(b); *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir.1982). However, beyond the federal rule, the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Hartline*, 693 F.2d at 1352.

The Eleventh Circuit has held that while a district court has broad powers to impose sanctions for a party's failure to comply with court orders or the Federal Rules, dismissal of an action with prejudice is a "sanction of last resort, applicable only in extreme circumstances." *Hartline*, 693 F.2d at 1352 (quoting *EEOC v. First National Bank*, 614 F.2d 1004, 1007 (5th Cir.1980)). Thus, dismissal is generally reserved for cases of willful disobedience to court orders. *Hartline*, 693 F.2d at 1352; *Beckwith*, 146 Fed.Appx. 368, 372–73. With these caveats in mind, the Court will proceed to examine the particular facts of the present case.

▮ Here, the Plaintiff, whose true name is Cesar Vasquez, has filed two separate complaints and two separate affidavits of indigency, all under penalty of perjury and all under the false name Yan Zocaras. (Jury Trial Transcript at 69:7–16.) Both of Plaintiff's prior convictions were under false names. (*Id.* at 69:19–21.) The first conviction was under the name Yan Michael Zocaras; the second conviction was under the name Carlos Vasquez. (*Id.* at 69:21–24.) When he was arrested in the underlying facts of this civil rights action, Plaintiff testified that he gave a false name, Carlos Vasquez, to police officers and that he knew there was an open case against him at the time he gave that false name. (*Id.* at 70:6–14.)

While Plaintiff maintains that he was told he had to use the false name under which he was sentenced, he did provide the name Carlos Vasquez as an alias when he filed the instant complaint. (*Id.* at 70:15–23; D.E. 1.) There was nothing that precluded him from entering a second "also known as" and including the name Cesar Vasquez or indicating to the Court in his complaint, "While I am known as Yan Zocaras in prison, because that is what I was convicted and sentenced under, my true name is Cesar Vasquez." (*Id.* at 71:16 to 72:5.) That Plaintiff chose not to do this indicates that Plaintiff was purposefully hiding his name. Moreover, the fact that Plaintiff had obtained a driver's license in 1996 under the name of Yan Zocaras raises an inference that he had to present some kind of identification that would enable him to obtain that driver's license (*Id.* at 72:12–16) and further bolsters the appearance of willful deception. Plaintiff has subsequently maintained this charade for nearly a decade. (*Id.* at 16–18.)

The Court further finds that Defendants have been highly prejudiced by this deception, as they have indicated that they are not aware of what additional information is available under the name Cesar Vasquez. (*Id.* at 72:7–10.) At no time did the Plaintiff reveal to either the state court system or the State Department of Corrections that his true name was Cesar Vasquez. (*Id.* at 70:24 to 71:1.) As far as these entities are concerned, he's still Yan Michael Zocaras, also known as Carlos Vasquez, also known as Miguel Vasquez, also known as Luis Garcia, also known as Yan M. Zocaras. (*See Id.* at 71:1–5.) Thus, the first time the name Cesar Vasquez was revealed to Defendants—and possibly even Plaintiff's own counsel—was during Jury Trial on direct. (*Id.* at 71:7–12.)

Though no case in the Eleventh Circuit contains facts substantially on point, the Seventh Circuit case of *Dotson v. Bravo*, 321 F.3d 663 (7th Cir.2003), is strikingly similar

in its factual basis and legal framework to the case at hand. In that action, the Court of Appeals approved the dismissal with prejudice by the District Court of a § 1983 action brought against police offers and the city for malicious prosecution because the plaintiff's failure to proceed under his true name violated the civil rule mandating that every pleading include the names of all the parties. *Id.* at 665–66. While the *Dotson* court cited Federal Rule of Civil Procedure 37(b) as a rule-based justification for the sanction of dismissal, it also found that a court's inherent authority to rectify abuses to the judicial process allowed sanctions for certain violations. *Id.* at 667 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). The court held that filing under a false name deliberately and without sufficient justification qualifies as such flagrant contempt for the court and its processes that "to allow the offending party to continue to invoke the judicial mechanism for its own benefit would raise concerns about the integrity and credibility of the civil justice system that transcend the interests of the parties immediately before the court." *Id.* at 668. Thus, the imposition of the admittedly harsh penalty of dismissal with prejudice was appropriate, not only to reprimand the offender, but also to deter future parties from similarly trampling upon the integrity of the court. *Dotson,* 321 F.3d at 668.

In *Dotson,* the Plaintiff also made the argument that it wasn't wrong to file the case under the false name because he had been sentenced and convicted in criminal proceedings under that name. *Id.* However, the court dismissed that argument, noting that Plaintiff's own fraudulent conduct "produced such a result and does not justify continuance of the charade in federal court." *Id.* The *Dotson* court went on to find that Defendants had been prejudiced by Plaintiff's deception and that Plaintiff's subsequent disclosure of his true name had not ameliorated this harm. *Id.* at 669. The court concluded that even though the plaintiff's case might have some merit, "we cannot allow a plaintiff to so abuse the court system in order to avoid criminal justice, yet obtain civil reward."

While the false name in *Dotson* was disclosed during discovery, the misrepresentation in the instant case was not discovered until Plaintiff took the stand during trial. (Jury Trial Transcript at 75:23 to 76:1.) Thus, the resources that were expended so that Plaintiff could prosecute his civil case have been even more significant than in *Dotson.* Two Florida Department of Corrections officers were present each day of Plaintiff's three-day trial to transport him to and from the courtroom. (*Id.* at 76:2–8.) This Court entered an order transferring Plaintiff from his assigned institution to an institution in Miami to facilitate this transportation. (*Id.*) Plaintiff's lawyers were present and provided by the Volunteer Lawyers after a tremendous effort by the Court to secure representation for this Plaintiff. (*Id.* at 76:9–14.) Two City of Miami police officers who are the Defendants in this case have likely spent a considerable amount of time both in and out of court in the defense of this case. (*Id.* at 76:15–19.) The United States Marshals were present in the courtroom as security officers for the benefit of the Court and the persons in the courtroom. (*Id.* at 76:20–23.) In addition, a Federal Public Defender was appointed by the Court to represent the Plaintiff once the Fifth Amendment issues arose before the Court. (*Id.* at 77:2–4.) Finally, a jury was impaneled and spent nearly three days hearing the case. (*Id.* at 77:5–9.) All of this was done so that Plaintiff could prosecute a civil rights claim under a false name.

Plaintiff Cesar Vasquez has attempted to make a mockery of the justice system. The Court finds that his misrepresentations were willful and deliberate, even in the light most favorable to him, that he thought he was required to file the case under the name Yan Zocaras. Plaintiff knew enough to file "a/k/a Carlos Vasquez," a second false name, and could easily have added "a/k/a Cesar Vasquez" or otherwise indicated that name to the Court and Defendants. Because his actions raise concerns about the integrity and credibility of the civil justice system that transcend the interests of the parties that appear before this Court, and because this willful and deliberate behavior is without justification and in flagrant contempt of the

judicial process, this Court must impose the harsh penalty of dismissal. At this stage of the proceedings, dismissal with prejudice is necessary, not only to reprimand the offender, but to deter future parties from trampling upon the integrity of the Court. The integrity of this Court and the judicial system in this country is much too important for it to bend and succumb to allow someone to prosecute such an important claim under the pretenses of a false name. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendants' ore tenus Motion under Federal Rules of Civil Procedure 10, 11 and 41 to Dismiss with Prejudice, made during Jury Trial on September 28, 2005, is **GRANTED**.

2. This cause is **DISMISSED** with prejudice.

3. This case is now **CLOSED**.