**In re ATLANTIC INTERNATIONAL MORTGAGE COMPANY, Debtor.**

**Steven S. Oscher, Liquidating Trustee For Atlantic International Mortgage Company, Plaintiff,**

v.

**The Solomon Tropp Law Group, P.A., et al., Defendants.**

**Bankruptcy No. 8:00BK18057 ALP.**

**Adversary No. 8:02–ap–00963–ALP.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 2, 2006.

---

**2.** *In re Broadmoor,* 994 F.2d 744, 746 (10th Cir.1993); *see also In re Landscape Properties, Inc.,* 100 B.R. 445, 447 (Bankr.E.D.Ark.1988).

Geoffrey S. Aaronson, Adorno & Yoss LLP, Miami, FL, Karen Cox, Bush Ross, P.A., Tampa, FL, for Debtor.

Steven S. Oscher, Oscher Consulting, P.A., Tampa, FL, pro se.

***ORDER ON AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT AND OTHER SANCTIONS AGAINST THE SOLOMON TROPP LAW GROUP, P.A. AND FOR THE AWARD OF REASONABLE ATTORNEYS' FEES FOR THE FAILURE TO COMPLY WITH A DISCOVERY ORDER AGAINST THE SOLOMON TROPP LAW GROUP, P.A.; F. LORRAINE JAHN, ESQ.; MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN; AND MICHAEL J. MCGIRNEY, ESQ.*** (Doc. No. 399)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in the above-captioned adversary proceeding

is a Motion for Entry of Default Judgment and Other Sanctions Against the Solomon Tropp Law Group, P.A., and for the Award of Reasonable Expenses and Attorneys' Fees for the Failure to Comply with a Discovery Order Against the Solomon Tropp Law Group, P.A.; F. Lorraine Jahn, Esq.; Marshall, Dennehey, Warner, Coleman & Goggin; and Michael J. McGirney, Esq., filed by Steven S. Oscher, Liquidating Trustee (Trustee) for Atlantic International Mortgage Company, on September 23, 2005. (Doc. No. 338) (Motion for Entry of Default Judgment). The Motion for Entry of Default Judgment was Amended by the filing of Doc. No. 399 by the Trustee on January 19, 2006 (Amended Motion for Entry of Default).

The Trustee filed the Motions for Entry of Default Judgment pursuant to Fed. R.Civ.P. 37, as adopted by F.R.B.P. 7037, based on the failure of the Solomon Tropp Law Group, P.A. (Solomon Firm) to retain and timely produce relevant documents and electronically-stored information. The Trustee requests any or all of the following relief: (1) entry of a default judgment against the Solomon Firm on the issue of liability for the causes of action asserted in the Complaint; (2) striking of the Solomon Firm's Answer and all pleadings and documents it has filed in the Adversary Proceeding; (3) drawing an adverse inference; and (4) ordering the Solomon Firm and its counsel, F. Lorraine Jahn, Esq., Michael J. McGirney, Esq., and Marshall, Dennehey, Warner, Coleman & Goggin, to pay the Trustee's reasonable attorneys' fees incurred in pursuing the Motion for Entry of Default Judgment.

The matter before this Court presents a deplorable scenario under which the ultimate issues raised by the pleadings are completely overcome by discovery disputes which have gained their own life. A background history of the case is helpful in understanding the tenor of the present dispute.

Atlantic International Mortgage Company (Atlantic) operated as a wholesale originator of mortgage loans. Sometime around 1997 or 1998, Steven L. Livingston (Livingston), Thomas Brown (Brown), and Charles Masi (Masi), who were officers of Atlantic at the time, devised and implemented a plan to secure extensions of credit through fraudulent loan documents, thereby defrauding creditors who extended credit to Atlantic. The funds obtained through this fraudulent scheme were deposited into a trust account held by Atlantic's general corporate counsel, the Solomon Firm. The discovery of the scheme by one of the defrauded financial institutions eventually led to federal prison sentences for Livingston, Brown, and Masi for wire fraud and prompted the Chapter 11 case which ultimately gave rise to the instant adversary proceeding.

On November 21, 2000, Atlantic International Mortgage Holdings, Inc., American Mortgage Capital, Inc., and Atlantic International Mortgage Company (collectively, the Debtors) filed under Chapter 11. Atlantic, operating as debtor-in-possession, did not seek to retain the Solomon Firm as counsel. Shortly after the commencement of the Chapter 11 case, Steven S. Oscher was appointed as Chapter 11 Trustee.

The Trustee filed the instant adversary proceeding against the Solomon Firm, Livingston, and others on November 20, 2002. The Trustee's Amended Complaint (Doc. No. 16) set forth nineteen Counts, including the following six Counts against the Solomon Firm. Count II demanded the Turnover of Property to the Estate; Count III sought the Avoidance and Recovery of Post–Petition Transfers to Solomon Tropp; Count VII sought the Avoidance and recovery of Actual Fraudulent Transfers to Solomon Tropp; Count XVII

sought Recovery of Damages for Breach of Fiduciary Duty Against Solomon Tropp; Count XVIII sought Recovery of Damages for Assisting in the Breach of a Fiduciary Duty Against Solomon Tropp; and Count XIX sought damages for Professional Negligence Against Solomon Tropp. The Amended Complaint sought recovery of damages and the disgorgement of all fees collected by the Solomon Firm from Atlantic.

## DISCOVERY MOTIONS

On November 12, 2003, the Trustee served the Solomon Firm with a Request for Production. (Pl. Exh. 3 at Exh. A; Doc. No. 325). The Request for Production sought all documents and data related to the Solomon Firm's representation of Atlantic and Livingston, including trust account records of deposits and disbursements from the Debtor's accounts. The requested production was to include any computer-generated, computer-stored, or electronically-stored data.

On December 16, 2003, the Solomon Firm responded by filing a Response and Objections to the Request for Production. (Pl. Exh. 3 at Exh. B; Doc. No. 103). On December 19, 2003, the Trustee filed its Plaintiff's Motion to Compel the Production of Documents by Defendant Solomon Tropp, seeking an order compelling the Solomon Firm to produce electronic data, electronic documents, e-mail, and documents relating to Livingston and entities and individuals relating to Atlantic. (Pl. Exh. 3; Doc. No. 108). At the hearing on the Motion to Compel, the Solomon Firm took the position that all documents, with the exception of privileged documents and certain data that was unavailable due to software problems had already been produced.

On January 22, 2004, this Court entered an Order Granting Plaintiff's Motion to Compel the Production of Documents by Defendant Solomon Tropp (Doc. No. 136). The Order Granting the Motion to Compel ordered the Solomon Firm to produce documents responsive to the Request for Production, once any claims of attorney-client privilege held by the trustee of Livingston's bankruptcy estate were waived; and make its computer systems and records relating to Livingston or Atlantic available to the Trustee and a computer expert.

The Solomon Firm filed a Motion for Rehearing of the Order Granting the Motion to Compel, on January 29, 2004. The Solomon Firm also filed an interlocutory appeal with the District Court, which was dismissed. Ultimately, the Motion for Rehearing was granted in part, and an evidentiary hearing was held on May 11, 2004. As a result of the hearing, on June 8, 2004, this Court entered an Amended Order Granting Plaintiff's Motion to Compel and Establishing Protocol for Inspection and Search of Solomon Tropp Computer Systems and Electronic Records. (Pl. Exh. 14; Doc. No. 231) (Electronic Records Production Order). Under the Electronic Records Production Order, E-Hounds, Inc., its President Adam Sharp and his Assistants (collectively the Computer Experts) were appointed as the independent Computer Experts charged with searching for and copying any documents in the Solomon Firm's computer system and records using seven specified search terms. The Electronic Records Production Order listed August 15, 2004, as the deadline for the Solomon Firm to submit all non-privileged documents responsive to the Electronic Records Production Order.

Through various agreed orders, the deadline for production of documents responsive to the Electronic Records Production Order was extended to June 15, 2005. However, the Solomon Firm continued to produce documents to the Trustee

subsequent to the extended production deadline and continued to assert privilege of documents requested.

On September 23, 2005, the Trustee filed his Motion For Entry of Default Judgment and Other Sanctions Against The Solomon Tropp Law Group, P.A., and for the Award of Reasonable Expenses and Attorneys' Fees for the Failure to Comply with a Discovery Order Against The Solomon Tropp Law Group, P.A.; F. Lorraine Jahn, Esq.: Marshall, Dennehey, Warner, Coleman & Goggin; and Michael J. McGirney, Esq. (Doc. No. 338) (Motion for Entry of Default). As noted earlier, this Motion was amended on January 19, 2006, by filing of Doc. No. 399, the Amended Motion for Entry of Default. On September 23, 2005, the Trustee also filed his Motion to Compel Pursuant to the Electronic Records Production Order and Motion for Sanctions. (Doc. No. 339). The latter Motion was the second instance that the Trustee was forced to file a motion to compel production of the same electronic records.

In due course the Solomon Firm filed a Motion to Strike Motion for Entry of Default Judgment and Other Sanctions Against The Solomon Tropp Law Group, P.A., and for the Award of Reasonable Expenses and Attorneys' Fees for the Failure to Comply with a Discovery Order Against The Solomon Tropp Law Group, P.A.; F. Lorraine Jahn, Esq.: Marshall, Dennehey, Warner, Coleman & Goggin; and Michael J. McGirney, Esq. (Doc. No. 346) (Motion to Strike). On November 9, 2005, the Trustee filed his Supplement to Trustee's Motion for Entry of Default Judgment and Response in Opposition to Solomon Tropp's Motion to Strike. (Doc. No. 356). The Court denied the Solomon Firm's Motion to Strike Motion for Entry of Default Judgment and Other Sanctions against the Solomon Tropp Law Group,

P.A. on December 5, 2005. (Doc. No. 365). On January 27, 2006, the Solomon Firm filed its Reply to Plaintiff's Motion for Entry of Default Judgment (Doc. No. 404). The hearing on this matter blossomed into a three-day trial at which time the Court received voluminous testimony and documentary evidence.

The salient facts relevant to the resolution of the relief sought by the Trustee, as set forth in the Motions, may be summarized as follows:

This discovery dispute arose after the Trustee discovered a post-petition communication dated December 8, 1999, between Livingston and the Solomon Firm directing that all communications with him should be by email. In a second communication dated December 9, 1999, Mr. Solomon instructed the rest of the firm to follow Livingston's communication request. The Trustee has maintained throughout this proceeding that in accordance with these instructions, there ought to be a substantial record of electronic communications and activities between the Solomon Firm and Livingston, far more than what has been produced by the Solomon Firm pursuant to the Trustee's Request for Production and the Electronic Records Production Order.

The Solomon Firm has refused or been unable to produce its computer backup tapes from August 1996 until May 2001, despite evidence that the Firm had an established and regular backup policy during those years. The Firm also has been unable to produce email records of Betsy McCoy, an attorney who worked on Atlantic and Livingston matters prior to leaving the Firm in November of 2000. The Trustee has argued that the Firm, after having notice of a duty to preserve the electronic evidence, either lost or destroyed the backup tapes for the years most relevant to the Firm's representation of the Debtors, de-

leted McCoy's email account from the Firm's computers, and failed to back up or migrate the information on the Firm's email server to a new server that was installed in June 2002.

As noted earlier, on June 8, 2004, this Court entered its Electronic Records Production Order and appointed an independent Computer Expert to examine the Solomon Firm's computers for responsive documents. The Solomon Firm appealed the order to the District Court, which dismissed the appeal on October 19, 2004. Thereafter the Solomon Firm petitioned the 11th Circuit for a Writ of Mandamus, which was also denied. On November 5, 2004 the Court entered an Order Granting Plaintiff's Motion to Re–Establish Protocol for Inspection and Search of Solomon Tropp Computer Systems and Electronic Records. (Doc. No. 277). The Solomon Firm did not comply with the Order or cooperate with the Computer Expert until its Petition for Writ of Mandamus was denied, thereby necessitating further delays and extensions of discovery deadlines.

The main controversy now centers on summaries of trust account records produced by the Solomon Firm. The Trustee discovered a memorandum from Livingston to the Solomon Firm directing them to reattribute funds held in the firm's trust accounts from Atlantic to Livingston or American Investors Mortgage Corporation (AIMC). On four occasions prior to the filing of the adversary proceeding, the Solomon Firm produced an accounting of funds held in the firm's trust accounts related to Atlantic. The Trustee contends that the first three trust account summaries produced on February 1, 2001, (Pl.Exh. 46), August 8, 2001, (Pl.Exh. 48), and September 6, 2001, (Pl.Exh. 49) were false in that they failed to disclose alterations made on December 28, 2000, by the Solomon Firm. The alterations changed the

records as to four transactions to reflect funds originally credited to Atlantic as received for AIMC or Livingston. The trust account summary later produced by the Solomon Firm on August 5, 2002, (Pl.Exh. 53), included information about the four transactions, but did not reflect the alterations. The source documents, the records underlying the trust account data that formed the basis for the trust account records summaries were not produced until August 12, 2004. (Pl.Exh. 141).

The Solomon Firm withheld the Memorandum containing the transfer instructions from Livingston as privileged until after the dismissal of its appeal of the Electronic Records Production Order in the District Court. The Memorandum was ultimately produced to the Trustee on March 31, 2004. The Solomon Firm had no basis to assert a privilege as to the document because it was on Atlantic letterhead and concerned Atlantic's funds held by the Firm, and was written when Livingston was operating Atlantic as Debtor–in–Possession.

### FALSE TESTIMONY AND AFFIDAVITS

Solomon's testimony at the hearing flatly contradicts his deposition testimony and the signed affidavit affixed to the Solomon Firm's Verified Motion for Summary Judgment filed on December 23, 2003. Solomon testified at the hearing that he had no involvement with the Atlantic trust account records that were produced to the Trustee. However, in the Verified Motion he swore to having personal knowledge of the facts contained therein derived from his personal involvement in the subject transactions, and as a result was able to verify the truth of all the facts set forth therein; notably, the Verified Motion contained a detailed accounting of trust account records pertaining to Livingston and Atlantic.

Solomon also testified that he was not personally involved in the discovery matters in this proceeding. Yet in his deposition on April 23, 2004, Solomon emphatically declared that he had supervised the Firm's search for responsive documents and confirmed that everything that had been requested was produced to the trustee.

On September 27, 2005, the Solomon Firm filed an Amended Affidavit by the Firm's technology manager, William Kent (Kent) in an attempt to refute the information contained in the Computer Expert's report and the Motion for Default Judgment. (Doc. No. 344). Not only is this Affidavit of questionable veracity, but it has been totally refuted by competent evidence before this Court. The Kent affidavit asserted that the document recovery program, Forensic Toolkit, had not been used to search for and recover any documents related to the present adversary proceeding. However, the Computer Expert found evidence on the Solomon Firm's computers which proved that Forensic Toolkit had, in fact, been used to search for documents relating to Atlantic and Livingston. Responsive documents recovered by the Solomon Firm at that time were not produced to the Trustee.

The Trustee has asserted that numerous other documents revealed by the court appointed Computer expert in its search of the Solomon Firm's computers have been improperly withheld in violation of the initial production order. (Pl.Exh. 5). One such document, a "Schedule of Wire Transfers/Payments," for Atlantic was withheld as privileged after the Computer Expert found and delivered it to the Solomon Firm. Not only was the assertion of privilege improper, but testimony by the Solomon Firm's information technology manager at the hearing on the Motion For Entry of Default Judgment established that the Firm had been in possession of

that same document since February 2004, when it was located on the Firm computers through the use of Forensic Toolkit. The document was finally produced on February 21, 2006, after the deception came to light.

Numerous other documents that have been and are still being withheld from production under claims of privilege are the subject of the Plaintiff's second Motion to Compel (Doc. No. 339). It has been well established that any privilege regarding Atlantic belongs to the Trustee, while any privilege regarding Livingston has been waived by the Chapter 7 Trustee in Livingston's Chapter 7 case. In light of this fact, the Firm's continued assertions of privilege for copious numbers of documents produced by the Computer Expert are highly suspect.

A significant amount of talent, money, and time has been expended on discovery in this proceeding. This Court is satisfied that the conduct of the Solomon Firm and its counsel has been totally devoid of cooperation required by the rules governing discovery, it was even bordering on obstruction. The Solomon Firm and their counsel have fought tooth and nail from the outset of this case to prevent and delay any meaningful discovery. They have responded to the Trustee's legitimate discovery requests with disingenuity, obfuscation, and frivolous claims of privilege. They have twice filed meritless appeals of non-appealable discovery orders in attempts to prevent meaningful discovery by the Trustee.

Even after being warned against causing further delay by the District Court when their second interlocutory appeal was dismissed, the Solomon Firm and its counsel continued to ignore the standing discovery orders of this Court while filing a Petition for Writ of Mandamus to the 11th Circuit Court of Appeals. The Defendants completely ignored the court ap-

pointed Computer Experts' repeated requests for cooperation without explanation for their refusal to accommodate its efforts to comply with this Court's November 5, 2004, Order to Re–Establish Protocol for Inspection and Search of Solomon Tropp's Computer Systems and Electronic Records. (Doc. No. 277). The Firm has continued to impede discovery by asserting questionable claims of privilege for documents extracted by the Computer Expert and by failing to comply with this Court's June 15, 2005, production deadline. Undoubtedly the Solomon Firm's conduct is responsible to a great extent for the excessive delays that have plagued this proceeding from the outset and has wasted the time and effort of all involved.

██ Modern discovery was designed to eliminate litigation by ambush and surprise. Cooperation and candor by all parties are crucial to the proper function of the discovery process; obstreperous conduct and deceptive tactics designed to delay and impede have no place in the discovery process. Under Fed.R.Civ.P. 37, as adopted by F.R.B.P. 7037, this Court has broad discretion to fashion appropriate sanctions for discovery abuses. Sanctions pursuant to F.R.B.P. 7037 are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. *Gratton v. Great Am. Communications,* 178 F.3d 1373, 1374 (11th Cir. 1999). Although entry of a default judgment is one of the sanctions available under 7037, such a severe sanction should be used "only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1542 (11th Cir.1993). Courts do not favor resolving issues by default and such relief is rarely awarded.

 This Court is not satisfied that the Solomon Firm's conduct rises to the level required to sustain a motion for de-

fault judgment at this time. While the remedy of the entry of a default judgment is too drastic an action under the facts presented in the hearing, this Court is convinced that monetary sanctions are appropriate. Under FRBP 7037(b)(2), reasonable expenses, including attorneys' fees may be awarded against a party, its attorney, or both. Such sanctions, when awarded against a party's attorneys serve to "remind attorneys that service to their clients must coexist with their responsibilities toward the court, toward the law and toward their brethren at the bar." *Devaney v. Cont'l Am. Ins. Co.,* 989 F.2d 1154, 1162 (11th Cir.1993). Based on the foregoing, this Court is satisfied that the appropriate sanction is to impose monetary sanctions against the Solomon Firm and its counsel, F. Lorraine Jahn, Esq., and Michael J. McGirney, Esq., by awarding the Trustee his reasonable attorneys' fees and costs incurred in pursuing all discovery in this adversary proceeding.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Default Judgment and Other Sanctions Against The Solomon Tropp Law Group, P.A., and for the Award of Reasonable Expenses and Attorneys' Fees for the Failure to Comply with a Discovery Order Against The Solomon Tropp Law Group, P.A.; F. Lorraine Jahn, Esq.: Marshall, Dennehey, Warner, Coleman & Goggin; and Michael J. McGirney, Esq. (Doc. No. 338) be, and the same is hereby, granted in part and denied in part. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Default Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Award of Attorneys' Fees against Solomon Tropp Law Group, P.A., F. Lorraine Jahn, Esq.; and Michael J. McGirney, Esq. be,

and the same is, hereby granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Motion for Award of Attorneys' Fees against Marshall, Dennehey, Warner, Coleman & Goggin be, and the same is, hereby denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Trustee shall file with the Court within thirty (30) days from the date of this Order an Affidavit with a detailed summary and calculation of its fees and costs describing the services rendered and the hourly rate charged. The Trustee shall serve the Affidavit on the Defendant, who will then have twenty (20) days from receipt to file any objections to the fees and costs. Upon receipt of the Affidavit and/or the objections this Court shall enter an Order on the fees and costs.