In re ATLANTIC INTERNATIONAL
MORTGAGE COMPANY,
Debtor.

Steven S. Oscher, Liquidating Trustee
for Atlantic International Mortgage
Company, Plaintiff,

v.

The Solomon Tropp Law Group,
P.A., et al., Defendants.

Bankruptcy No. 8:00–bk–18057–ALP.
Adversary No. 8:02–ap–00963–ALP.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 24, 2007.

Geoffrey S. Aaronson, Adorno & Yoss LLP, Miami, FL, for Debtor.

Karen Cox, Bush Ross, P.A., Tampa, FL, for trustee.

Steven S. Oscher, Oscher Consulting, PA, Tampa, FL, pro se.

## MEMORANDUM OPINION ON THE AMOUNT OF SANCTIONS TO BE AWARDED FOR DISCOVERY ABUSES

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER to be determined in this adversary proceeding is the amount to be awarded to the Trustee pursuant to an Order imposing sanctions for discovery abuses (Sanctions Order) on the Solomon Tropp Law Group, P.A., and their counsel (Defendants). The award was based on findings of this Court following three days of testimony and evidence presented by counsel for each side. The detailed findings of the Court are available in the Sanctions Order dated August 22, 2006, (Doc. No. 426), also available at *Oscher v. Solomon Tropp Law Group, P.A. (In re Atl.*

*Int'l Mortg. Co.)*, 352 B.R. 503 (Bankr. M.D.Fla.2006). Thus, only a brief recitation of facts is necessary here.

In short, this Court found that the Solomon Tropp Law Group, P.A. and their counsel engaged in discovery misconduct, which included multiple appeals from non-appealable discovery orders, including an application for a writ of mandamus to the 11th Circuit filed after its wrongful appeals were denied, frivolous claims of privilege designed to impede discovery, and failure to preserve documents, records, and data relevant to an ongoing litigation. This Court determined that the Trustee should be awarded attorneys fees and costs in pursuing discovery in this adversary proceeding, and ordered the Trustee to submit an affidavit with a detailed accounting of his reasonable fees and costs. The Trustee submitted an accounting with time sheets and supporting affidavits on September 1, 2006, seeking a total award of $685,028.89 for attorney's fees and costs. The time sheets, included with the Affidavits as "Exhibit A," cover the entire time period of this adversary proceeding and include all discovery matters.

It is clear that the time sheets include many items that are not chargeable as to the Defendants as relating to the sanctioned conduct. The sanctions to be awarded are based on the findings in the Sanctions Order, and cover the time period beginning with the Defendant's appeal of the June 08, 2004, Order appointing E-hounds. The compensable costs include, first of all, the Trustee's attorney's fees incurred as a result of this appeal and its prosecution. Next, the Trustee is to be compensated for his fees caused by the Defendant's overbroad and improper assertions of privilege and the failure to meet production deadlines. And finally, this Court has awarded the Trustee his costs and fees involved with pursuing the Motion for Default Judgment and Other Sanctions, including the hearing and the post-hearing briefs.

■ A hearing on the reasonable amount of attorney's fees to be awarded pursuant to the Sanctions Order was held on May 15, 2007. This Court heard testimony from experts for both sides. The expert witnesses gave detailed testimony on the qualifications of the attorneys who worked on the matter as well as the factors that are relevant to a calculation of fees using the lodestar method as well as the factors adopted in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). However, it is important to note that this is not a typical application for compensation, but an award of sanctions against a recalcitrant party in order to deter such conduct in the future. As such, strict conformance with the standards germane to a typical fee application is not required. At the same time, any determination by the Court that a particular item or fee is not taxable to the Defendants does not mean that the fee was unreasonable and should not be allowed or was not properly incurred by the Trustee and his representatives, it relates solely to whether it should be part of the sanction award against the Defendants.

■ To determine whether a reasonable hourly rate was charged, the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation must be considered. *Cf. Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). In a proceeding such as this where the litigation has lasted for years, the attorneys working on the case have understandably raised their hourly rates over time. The Trustee presented testimony from two witnesses on the reasonableness of the rates charged by the attorneys who

worked on the case. Jeffrey Warren, president of Bush Ross, P.A., testified to the manner in which the law firm assesses their associates and members, and adjusts their hourly rates accordingly once each calendar year. Once their rate is set, it is the rate they bill for all work done throughout the year. The Trustee's second expert, Robert Glenn, of Glenn Rasmussen Fogarty & Hooker, P.A., gave credible testimony on the qualifications and reputations of the Bush Ross attorneys in the legal community, as well as the reasonableness of their hourly rates given their respective levels of experience and ability. However, this Court has made determinations on thousands of fee applications and is well informed about the prevailing market rates in this community for similar work. This Court is satisfied that the attorneys for the Trustee charged a reasonable hourly rate for the work that was performed.

■■■ The Defendants took issue with the use of block time entries and imprecise descriptions of the work performed by the attorneys for the Trustee. Particularly, the Defendant's complained about the frequent use of the description "conference with firm attorneys regarding same." It is true that excessive use of block billing will ordinarily result in a reduction of fees. However, it is also important to recognize that when the time entries were made, the case had already been confirmed and the attorney's were no longer subject to the U.S. Trustee Guidelines. Ultimately, very few of such time entries were included in the sanction, and, to the extent that some "lumping" occurred in the time entries, it was a simple matter to separate the work on issues for which sanctions are not awarded. The reasonable time spent and appropriate compensation was determined for relevant activity while deducting the time spent on extraneous activities.

■ It is clear from the time sheets that each attorney was working on discrete issues in the case, and there was no unnecessary duplication of time or services. Multi-attorney conferences for purposes of strategizing and staying informed about the progress of the case are a necessary part of litigation and will not be stricken from the award merely because such meetings occurred. Such meetings save money by allowing the less-experienced attorneys who do the bulk of the work to benefit from the knowledge and direction of senior attorneys. This Court is satisfied that because the meetings were held only as needed and were relatively brief, there is no reason to cut them from the award.

The total on the fees is $341,028.90 after removing all time entries not related to the conduct and reducing proportionately the fees where block time entries included work not related to the criteria stated above. The total hours expended in all three categories was 1330.1, resulting in an average hourly rate of $256.39. This Court is satisfied that this rate is reasonable, based on the skills of the attorneys, the difficulty of the matters involved, and the results achieved thus far in this adversary proceeding.

■ Under Federal Rule of Civil Procedure 37, as adopted by Bankruptcy Rule 7037, the magnitude of sanctions is bounded only by what is reasonable in light of the circumstances. *Carlucci v. Piper Aircraft*, 775 F.2d 1440, 1453 (11th Cir.1985). While the amount of sanctions may still seem rather large, it is necessary to look at it from the perspective of the overall costs involved in discovery in this matter. While the multiplication of costs has been of little concern to the Defendants thus far, they are being taxed with only a small fraction of the total costs and undoubtedly only a small fraction of the what their discovery misconduct has caused.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Sanctions in the amount of $341,028.90 are awarded to the Trustee and against the Solomon Tropp Law Group, P.A., Michael McGirney, Esq. and Lorraine Jahn, Esq., for which let execution issue.

A separate Final Judgment shall be issued in accordance with the foregoing.

### FINAL JUDGMENT

THIS CAUSE came on for consideration upon the Court's own Motion for the purpose of entering a Final Judgment in the above-captioned adversary proceeding. The Court has considered the record and finds that this Court has entered Memorandum Opinion on the Amount of Sanctions to be Awarded for Discovery Abuses. Therefore, it is appropriate to enter Final Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Final Judgment be, and the same is hereby, entered in favor of the Plaintiff Trustee and against the Defendants, the Solomon Tropp Law Group, P.A., Michael J. McGirney, Esq., and F. Lorraine Jahn, Esq. The Defendants are hereby sanctioned in the amount of $341,028.90, payable to the Plaintiff Trustee in compensation for discovery misconduct, for which let execution issue.

DONE AND ORDERED.