PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-6312
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
06/29/99
THOMAS K. KAHN
CLERK

D.C. Docket No. 95-N-3205-S

GAILE PUGH GRATTON,

Plaintiff-Appellant,

versus

GREAT AMERICAN COMMUNICATIONS;
GREAT AMERICAN BROADCASTING COMPANY,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Alabama

_____

**(June 29, 1999)**

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Gaile Pugh Gratton, substituted for her deceased husband, Kwame N. Gratton, appeals from dismissal of her husband's complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and 42 U.S.C. § 1981. The district court dismissed Gratton's case in September 1996, after Gratton failed to comply with the district court's order to provide releases to the Employers authorizing the production of his medical records. Gratton moved for reconsideration five days later, but failed to appear for the hearing, and the district court denied the motion. Gratton then filed an affidavit asserting that he never received notice of the hearing and the district court, noting that there was a confusing and complex series of events, granted Gratton a second hearing in January 1997. At the hearing, the district court found that its orders had been ignored or responded to in a cavalier way by the plaintiff on at least four occasions, and explained that it was unwilling to place additional burdens on the defendants who were not at fault at all. The court thereafter denied Gratton's motion for reconsideration, and instead, granted a motion to dismiss for discovery abuses previously filed by defendants. We affirm.

On appeal, Gratton, an attorney proceeding pro se, argues only that the district court erroneously dismissed Gratton's case because of his failure to provide medical releases to the defendants. Gratton claims that inadequate representation

2

by his counsel renders dismissal too severe a sanction.  In case of remand, Gratton requests assignment to a different judge.

This Court reviews dismissals under Fed. R. Civ. P. 41 and 37 for abuse of discretion.  See Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (reviewing dismissal under Rule 41); Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993) (reviewing dismissal under Rule 37).  Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules.  See Fed. R. Civ. P. 41(b); Goforth, 766 F.2d at 1535.  Dismissal under Rule 41(b) is appropriate where there is a clear record of "willful" contempt and an implicit or explicit finding that lesser sanctions would not suffice.  See Goforth, 766 F.2d at 1535.  The district court also has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction.  See  Fed. R. Civ. P. 37(b)(2)(C); Phipps, 8 F.3d at 790.  Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process.  See Aztec Steel Co. v. Florida Steel Corp., 691 F.2d 480, 482 (11th Cir. 1982).

Having thoroughly reviewed the parties' filings in the district court, transcripts of motions hearings and Kwame Gratton's deposition, as well as the parties' briefs on appeal, we conclude that dismissal was not an abuse of discretion.

3

Although Gratton initiated the lawsuit on December 12, 1995, throughout the course of the litigation he engaged in behavior which interfered with the process of discovery. First, Gratton claimed to have four to six secretly recorded tapes of conversations between Gratton and his supervisor, Becky Dan. While none of the tapes were provided to defendants prior to May 9, 1996, when Gratton was deposed, he produced two of the cassettes during the deposition, and claimed that he could not find the additional cassettes, although he admitted they had been in his exclusive custody, control, and possession since 1994. On June 12, 1996, defendants moved to dismiss Gratton's lawsuit for his spoilation of this evidence. The district court refused to grant the dismissal, finding this too harsh a sanction, and instead ordered Gratton to search for the tapes and to file an affidavit detailing the circumstances surrounding their creation, storage, and disappearance. Gratton's response, however, was insufficient and "wholly ignored the court's direction to provide a detailed description of his efforts to locate the tapes," according to the district court. Consequently, the court prohibited Gratton from making any reference to the tape recordings.

In addition to Gratton's spoilation of evidence and flouting of the district court's order to explain the spoilation, Gratton intentionally misidentified a witness, ignored the court's order to release medical records, and failed to appear at

4

a hearing for reconsideration of the court's order dismissing the case, claiming his attorney had never informed him of the hearing. At the second hearing, the district court found that Gratton bore "substantial responsibility" for the delays in discovery, and that, regardless of whether his attorney shared some of the blame, the defendants were not at all at fault. As the district court noted, "This case, almost from the very beginning, has been attended by the plaintiff's unwillingness or inability to comply with the civil rules, ordinary and expected litigation procedures, and the orders of this court."

Gratton claims that inadequate representation by counsel makes dismissal too severe a sanction. We have held that a court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable, but where any other sanction would fail to cure the harm that the attorney's misconduct would cause to the defendant, dismissal may be appropriate. See, e.g., Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, the district court found that plaintiff was culpable, and found that no other sanction would cure the harm. Moreover, the district court found that Gratton bore "substantial responsibility" for the delays, by his spoilation of evidence and misidentification of a witness, among other things. Additionally, the court twice tried lesser sanctions, and found that these did not deter Gratton's conduct.

In sum, because the record supports the district court's finding of willful noncompliance and shows that lesser sanctions would not suffice, dismissal was not an abuse of discretion.

**AFFIRMED.**