[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15746
Non-Argument Calendar

_____

D. C. Docket No. 03-00281-CV-B

ELMORE S. WELCH, JR.,

Plaintiff-Appellant,

versus

COMCAR INDUSTRIES,
COASTAL TRANSPORTATION CO.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 20, 2005)

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Appellant Elmore S. Welch, Jr. appeals the dismissal of his *pro se* breach-of-

contract action against Comcar Industries, Inc. and Coastal Transport, Inc.

("defendants") for failure to comply with court orders and for failure to prosecute. Welch also appears to appeal the denial of his motion to recuse the magistrate judge based on the grounds that the magistrate judge failed to award judgment for him and failed to press criminal charges against the defendants. On appeal, Welch makes numerous allegations of fraud and other wrongdoing against the defendants as well as the magistrate judge and complains that he was not appointed counsel, but raises no arguments as to the propriety of the dismissal of his action based on Fed.R.Civ.P. 37(b)(2) and 41(b).

We "review[ ] dismissals under Fed.R.Civ.P. 41 and 37 for abuse of discretion." *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). Fed.R.Civ.P. 37(b)(2) authorizes a district court to dismiss an action if a party "fails to obey an order to provide or permit discovery." While disfavored, "dismissal [with prejudice under Rule 37] may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). Further, under Rule 41(b), a defendant may move for dismissal of an action for failure of the plaintiff to prosecute or to comply with a court order or the federal rules. "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton*, 178 F.3d at 1374.

2

To the extent Welch appeals the magistrate judge's order denying his motion for recusal, we review for abuse of discretion. *See Draper v. Reynolds*, 369 F.3d 1270, 1274 (11th Cir. 2004).

> Pursuant to 28 U.S.C. § 455(a), a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The standard under § 455 is objective and requires the court to ask whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.

*Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotations and citations omitted).

We conclude from the record that the dismissal of Welch's action under either Rule 37 or Rule 41 was not an abuse of discretion. As noted above, Welch has failed to offer any arguments regarding the propriety of the dismissal of his action. Moreover, the record shows that the dismissal was proper. On at least five separate occasions, Welch failed to comply with court orders directing him to participate in discovery. The magistrate judge unequivocally warned Welch numerous times that his *pro se* status did not excuse noncompliance and that failure to comply with court orders could result in the dismissal of his action. Prior to the dismissal of the action, the magistrate ordered Welch to show cause why sanctions should not be imposed for his failure to participate in discovery. However, Welch failed to show cause as the magistrate judge ordered, indicating

3

that lesser sanctions would not have sufficed.

"Even *pro se* litigants are under an obligation to obey discovery orders." *See Morton v. Harris*, 628 F.2d 438, 440 (5th Cir. Unit B 1980) (finding that court's dismissal of action was not an abuse of discretion where *pro se* appellant, who was familiar with federal discovery proceedings, failed to obey four court orders issued over a two-year period); *cf. Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172-73 (5th Cir. 1977) (holding that dismissal of *pro se* plaintiff's action for a single failure to appear for his deposition was an abuse of discretion where the record indicated that the plaintiff misunderstood the import of defendant's efforts to depose him and no court order or directive was breached). Thus, as noted by the magistrate judge, Welch's *pro se* status does not excuse his noncompliance.

Concerning Welch's motion for recusal, the bases for the motion – the magistrate judge's failure to award judgment for him and press criminal charges against the defendants – are insufficient to question the magistrate judge's impartiality. Thus, we conclude that the magistrate judge did not abuse her discretion in denying the motion.

Accordingly, we affirm the judgment of dismissal.

**AFFIRMED.**

4