[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2005
THOMAS K. KAHN
CLERK

No. 04-15486
Non-Argument Calendar
_____

D. C. Docket No. 02-14159-CV-KMM

REXFORD TWEED,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James Crosby,
LOUIS VARGAS,
ORLESTER DICKENS,
DIANA JAMESON,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(September 28, 2005)**

Before BLACK, BARKETT  and PRYOR, Circuit Judges.

PER CURIAM:

Rexford Tweed, a pro se state prisoner, appeals the district court's dismissal

of his 42 U.S.C. § 1983 action for failure to prosecute, pursuant to Fed.R.Civ.P.

41(b).  Because the district court abused its discretion in dismissing Tweed's civil

action with prejudice because it failed to find that Tweed's actions were willful or

contumacious and that lesser sanctions would not be in the best interest of the

judiciary, we vacate the order dismissing the suit and remand to the district court

for further proceedings.

Unless the court otherwise specifies, an involuntary dismissal, other than a

dismissal for lack of jurisdiction, improper venue, or lack of an indispensable

party, is with prejudice.  Fed.R.Civ.P. 41(b); Weissinger v. U.S., 423 F.2d 795, 799

(5th Cir. 1970).[1]  We review dismissals under Rule 41 for abuse of discretion.

Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir.

1999).  Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district

court to dismiss a complaint for failure to prosecute or failure to comply with a

---

[1]Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that "the decisions of
the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as
that court existed on September 30, 1981, handed down by that court prior to the close of
business on that date, shall be binding as precedent in the Eleventh Circuit.")

court order or the federal rules." Id. However, dismissal for failure to prosecute is a severe sanction of last resort that may only be granted in "extreme situations" such as a plaintiff's "clear record of delay or contumacious conduct." Morewitz v. West of England Ship Owners Mut. Protection and Indem. Ass'n (Luxembourg), 62 F.3d 1356, 1366 (11th Cir. 1995). "A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." McKelvey v. AT&T Technologies, Inc., 789 F.2d 1518, 1520 (11th Cir. 1986).

Dismissal with prejudice under Rule 41(b) is appropriate where there is a clear record of "willful" contempt and an implicit or explicit finding that lesser sanctions would not serve the best interest of the judiciary. Gratton, 178 F.3d at 1374. Here, there is no indication from the record that Tweed's failure to file an amended complaint was willful or contumacious conduct. Further, although Tweed was warned by the magistrate that his case may be dismissed, neither the magistrate nor the district court judge ever discussed a lesser sanction than dismissal with prejudice. Thus, we must vacate and remand the district court's dismissal of Tweed's § 1983 action for failure to prosecute for further proceedings.

**VACATED AND REMANDED.**

3