[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2006
THOMAS K. KAHN
CLERK

No. 05-11525
Non-Argument Calendar

_____

D. C. Docket No. 02-01710-CV-JOF-1

STEVE A. REED,

Plaintiff-Appellant,

versus

FULTON COUNTY GOVERNMENT,

Defendant-Appellee,

VICTOR OKEREKE,  et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 14, 2006)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Steve Reed filed a pro se complaint under Title VII, 42 U.S.C. § 2000e, against Fulton County ("the County") and several individual employees, claiming that the County had failed to promote him and had terminated him based on his race and national origin. The district court dismissed the individual defendants, but permitted the claims against the County to proceed.

After the County filed its answer and the discovery period opened, the County served Reed notice of its intent to take his deposition, but Reed did not appear. Over the next few months, Reed repeatedly failed to attend his deposition, despite several rescheduling attempts and the County's agreement to hold the deposition at a site selected by Reed.

The County then filed a motion to compel Reed's deposition, which the court granted. The County again rescheduled the deposition. Nevertheless, Reed did not appear.

The County moved to dismiss the complaint as a sanction under Rule 37(d) for Reed's failure to appear for his deposition. Reed responded that he was willing to sit for the deposition as long as it was conducted at a neutral site, and he filed several motions requesting that the deposition be taken at a neutral site and that the court take control of the deposition.

The magistrate judge recommended dismissing the case, finding that Reed

exhibited willful contempt for the court's order when he repeatedly refused to attend his deposition, and that lesser sanctions would not suffice.

Reed objected to the recommendation, asserting that the magistrate judge misunderstood the need to arrange a neutral site for the deposition, and that the notices were not mailed properly, as he never received them.

The district court overruled the objections and granted the motion to dismiss, noting that the County had expressed its willingness to move locations, but that Reed did not respond to the invitation. The court further found that Reed could have requested a protective order if he felt threatened. Finally, the court rejected Reed's claim that the notices were not mailed properly, and it noted that Reed had received the court's motion to compel.

A district court's dismissal under Rule 37 and Rule 41 are reviewed for abuse of discretion. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999); Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1988).

Fed.R.Civ.P. 37 (b)(2)(C) authorizes a district court to dismiss an action if a party "fails to obey an order to provide or permit discovery." Rule 37(d) authorizes the same if a party fails to appear for properly noticed deposition.

While disfavored, "dismissal [with prejudice under Rule 37] may be appropriate when plaintiff's recalcitrance is due to wilfulness, bad faith or fault."

3

Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). There is a "need for a strict adherence to Rule 37 so as to prevent parties from 'flouting discovery orders.'" Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1304 (11th Cir. 1991) (quoting National Hockey League, et al. v. Metropolitan Hockey Club, Inc., et al., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)).

Further, under Rule 41(b), a defendant may move for dismissal of an action for failure of the plaintiff to prosecute or to comply with a court order or the federal rules. "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." Gratton, 178 F.3d at 1374.

Here, the district court properly dismissed the complaint. Despite numerous attempts by the County to schedule a deposition, and the court's order compelling his attendance, Reed did not appear.[1] This behavior demonstrates Reed's wilful disregard for the court's order.

Under Rule 37, the court is not required to assess whether lesser sanctions would suffice. Fed.R.Civ.P. 37(d). Nevertheless, the district court found that lesser sanctions would not suffice because Reed had already ignored the court's

---

[1] Although Reed now proffers an explanation, he did not move for a protective order or explain his reasoning in a timely manner. Cf. Citronelle-Mobile Gathering, Inc., 943 F.2d at 1304.

order.  Permitting such behavior enables litigants to "flout" the court's discovery orders and needlessly delay the case.  Therefore, the district court did not abuse its discretion.

Moreover, Reed's pro se status does not excuse his noncompliance; pro se litigants are obligated to obey discovery orders.  Morton v. Harris, 628 F.2d 438, 440 (5th Cir. Unit B 1980).[2]  Accordingly, the district court did not abuse its discretion, and we **AFFIRM** the district court.

---

[2]  In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), this court held that all decisions handed down by the old Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.