[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 25, 2006
THOMAS K. KAHN
CLERK

No. 05-12197
Non-Argument Calendar
_____

D.C. Docket  No. 04-00906-CV-F-N

JANICE NORMAN,

Plaintiff-Appellant,

versus

MONTGOMERY COUNTY BOARD OF EDUCATION,
ANN MCCURDY,
individual and official capacity,
CLINTON CARTER,
individual and official capacity,
JOY MYRICK,
individual and official capacity,
ERICA TATUM,
individual and official capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 25, 2006)

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Janice Norman, proceeding pro se, appeals the dismissal of her complaint against the Montgomery County Board of Education and named individual defendants, in which Plaintiff alleged violations of state and federal law protecting the educational rights of her handicapped son. No reversible error has been shown; we affirm.

The magistrate judge recommended that Plaintiff's complaint be dismissed (i) for failure to prosecute the action and (ii) as frivolous and for failure to state a claim. The magistrate judge reached this conclusion after Plaintiff twice failed, first at a scheduling conference and again at a hearing, to offer a factual basis for the conclusions in her complaint. At the scheduling conference, Plaintiff professed to recall no facts to support her claims and refused to respond to the court's questioning about facts giving rise to the lawsuit. A hearing was scheduled; Plaintiff was directed to be prepared to discuss the factual and legal basis of her claims. Plaintiff again told the court that she could recall no facts in support of her claims. The magistrate judge found Plaintiff's sworn testimony denying recollection of the factual basis of her claims to be incredible and instead found that Plaintiff made a deliberate choice not to respond to the court's

2

inquiries. The magistrate found that Plaintiff had engaged in a clear pattern of willful contempt, that the complaint failed to state a claim, and that the action was frivolous. After determining that no lesser sanction would suffice, the magistrate recommended the complaint be dismissed with prejudice.

The district court acknowledged that the complaint filed by Norman was "nearly incomprehensible" and that the magistrate judge had proceeded in a manner calculated to provide Plaintiff -- acting pro se -- with the maximum opportunity to state her claim in a manner consistent with the Federal Rules of Civil Procedure. Nonetheless, the district court determined not to adopt the magistrate judge's recommended dismissal without affording Plaintiff "one final opportunity" to file an amended complaint that complies with pleading requirements under Fed.R.Civ.P. Rules 8(a) and 9(f). The district court ordered Plaintiff to file an amended complaint that set out for each defendant the statutory or constitutional rights violated, the acts constituting the violation, and the time and place of such acts. Plaintiff was advised expressly that mere recitation of legal conclusions about statutes violated without supporting factual allegations would be insufficient to state a claim. The district court also encouraged Plaintiff to contact the Alabama State Bar and the Montgomery County Bar where Plaintiff could be referred to attorneys with whom she could discuss -- possibly without

charge -- the merits of her case.[1] The district court ordered Plaintiff to file an amended complaint by 10 March 2005 or face dismissal of her claims with prejudice.

Plaintiff filed no amended complaint as directed by the district court.[2] Plaintiff's civil action was dismissed with prejudice.

We review the involuntary dismissal of a complaint under Rule 41(b) of the Federal Rules of Civil Procedure for abuse of discretion. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Fed.R.Civ.P. 41(b) allows dismissal of an action if the plaintiff fails to prosecute or to comply with procedural rules or an order of the court. Fed.R.Civ.P. 41(b); Gratton, 178 F.3d at 1374. "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). But dismissal with prejudice is a severe sanction that applies appropriately only "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." Gratton, 178 F.3d at 1374.

---

[1]Because Plaintiff was proceeding in forma pauperis, the district court also explained the application of 28 U.S.C. § 1915(e)(2)(B) to her case.

[2]Plaintiff did file a non-responsive motion entitled "Plaintiff's Motion for Relief from Order Doc. #42 to File an Amended Complaint on 3/10/05" which again referenced statutes allegedly violated but offered no facts sufficient to state a claim under those statutes.

We cannot say that an abuse of discretion has been shown. Plaintiff was instructed explicitly to amend her complaint and was warned expressly that her failure to comply with the court's order would result in dismissal of her case. The court's warning even included guidance on possible sources of free legal assistance. In the face of the court's order, Plaintiff failed to filed an amended complaint. Instead, Plaintiff persisted in making conclusory legal assertions in non-responsive motions. Plaintiff's intransigence demonstrated willful contempt; the record supports an implicit finding that no lesser sanction would have sufficed. See Goforth, 766 F.2d at 1535.

We have reviewed Plaintiff's challenges based on (i) alleged partiality of the magistrate judge; (ii) the district court judge's failure to recuse himself; and (iii) alleged "illegal switch of judges" and find them to be without merit. No record support exists for Plaintiff's claims of magistrate partiality or bias on the part of the district court; the record suggests nothing improper in the transfer of Plaintiff's case between district court judges. See United States v. Stone, 411 F.2d 597, 599 (5th Cir. 1969) ("District Judges have the inherent power to transfer cases from one to another for the expeditious administration of justice.").

AFFIRMED.

5