[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10595
Non-Argument Calendar

_____

D. C. Docket No. 05-00186-CV-DHB-1

ANA M. ABREU-VELEZ,

Plaintiff-Appellant,

versus

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA,
MEDICAL COLLEGE OF GEORGIA,
DENNIS MARCUS, M.D.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 13, 2007)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Appellant is a physician. In her complaint in this case against the Board of Regents of the University System of Georgia, the Medical College of Georgia, and Dr. Dennis Marcus (collectively "the Board"), she alleged that the Board pressured her into quitting her job in retaliation for her exercise of First Amendment rights and seeks relief under 42 U.S.C. § 1983.[1] She also claimed that the Board violated her rights under the Georgia Whistleblower Act, O.C.G.A. § 45-1-4. After the Board answered the complaint and discovery commenced, appellant's attorney moved the district court to withdraw, and the court granted the motion. In its order, the court directed appellant to notify the court within five days whether she wished to proceed pro se or needed an extension of time to hire substitute counsel. Appellant failed to respond to the court's order, so on January 29, 2007, the court dismissed her case without prejudice for failure to prosecute. Appellant, proceeding pro se, now appeals. The question before us is whether the district court abused its discretion in dismissing appellant's case. Goforth v. Owens, 766

---

[1] As alleged in the complaint, Dr. Marcus, as head of the Department of Ophthalmology of the Medical College of Georgia, hired appellant in August 2004 as his research assistant and study coordinator. She objected to the manner in which Dr. Marcus planned to conduct a clinical study on humans that involved radiation and invasive surgery to be performed in an operating room. She expressed her objection, which concerned whether Marcus's plan was safe for those who would be exposed to the radiation, in a November 19, 2004 email to Dr. Marcus and others who were to be involved in the clinical study. After receiving the email, Dr. Marcus terminated appellant's employment effective November 22, 2004.

F.2d 1533, 1535 (11th Cir. 1985).

The limitations period for claims brought under 42 U.S.C. § 1983 is the personal injury limitations period of the forum state. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Personal injury claims in Georgia must be filed "within two years after the right of action accrues." Id. at 560-61; O.C.G.A. § 9-3-33. "The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Rozar, 85 F.3d at 561-62 (internal quotation omitted). Here, appellant's alleged injury resulted from her termination, which occurred on November 22, 2004. Thus, assuming that no tolling occurred, the limitations period for appellant's § 1983 claim expired effective November 22, 2006.

Where a dismissal "has the effect of precluding [plaintiff] from refiling [her] case due to the running of the statute of limitations. . . . [t]he dismissal [is] tantamount to a dismissal with prejudice." Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("where . . . . the statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed, we fail to see how a dismissal without prejudice is any less severe a sanction than a dismissal with

prejudice.") (internal quotation and citation omitted). "[W]here the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice." Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir. 1976).

"Dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" Betty K Agencies, LTD v. M/V Monada, 432 F.3d 1333, 1338 (internal citations omitted). A dismissal with prejudice is a "drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." Justice, 6 F.3d at 1482 n.15 (quotations omitted).

Dismissal with prejudice is "improper unless and until the district court finds a clear record of delay or willful misconduct and that lesser sanctions are inadequate to correct such conduct." Betty K. Agencies, 432 F.3d at 1339. Moreover, "findings satisfying both prongs of [the] standard are essential before dismissal with prejudice is appropriate," and district courts must make these findings "because the sanction of dismissal with prejudice is so unsparing . . . . and

4

we strive to afford a litigant his or her day in court, if possible." Id.

A district court's consideration of lesser sanctions "need not be explicit." Gratton v. Great Am. Communications., 178 F.3d 1373, 1374 (11th Cir. 1999). Nevertheless, while this court has "occasionally inferred such a finding, as where lesser sanctions would have 'greatly prejudiced' defendants, it has 'never suggested that the district court need not make that finding . . . .'" Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). "Mere delay will not suffice; '[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal.'"). Kilgo, 983 F.2d at 192-3 (citations omitted).

In this case, the district court failed to make findings sufficient to enable us to assess whether it abused its discretion. On its face, the court's order stated that the dismissal was without prejudice. Assuming, however, that the two-year limitations period has expired, the dismissal was effectively with prejudice. The court did not make a finding that appellant's failure to comply with its order was "a clear pattern of delay or willful contempt." See Betty K Agencies, 432 F.3d at 1338 (internal citations omitted). Nor did the district court explicitly consider whether a lesser sanction would prejudice the defendants. See Kilgo, 983 F.2d at 193. We therefore vacate the court's decision and remand the case for further

5

proceedings not inconsistent herewith.[2]

**VACATED and REMANDED.**

---

[2] In her brief, appellant raises issues not presented to the district court. Hence, we do not consider them.