[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2009
THOMAS K. KAHN
CLERK

No. 08-15664
Non-Argument Calendar

_____

D. C. Docket No. 08-01072-CV-T-33TGW

KEVIN OWENS,

Plaintiff-Appellant,

versus

PINELLAS COUNTY SHERIFF'S DEPARTMENT,
JIM COATS,
CHRISTINE PARDO,
FNU ELSSER,
Corporal,
FNU MCKRAY, et al.,

Defendants-Appellees,

JOHN DOE #1, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 29, 2009)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Kevin Owens pro se appeals the district court's dismissal without prejudice of his pro se 42 U.S.C. § 1983 complaint and denial of his motion to reopen. For the reasons set forth below, we affirm.

## I.

Owens, a Florida state prisoner, filed a § 1983 complaint challenging the conditions of his confinement. Owens also filed a motion for appointment of counsel. The district court denied the motion. Owens filed an interlocutory appeal from the denial. The district court stayed and administratively closed Owens's case pending resolution of the interlocutory appeal and instructed that, from the date of this Court's ruling, Owens would have 20 days to submit forms for service on the defendants and 30 days to file a motion to reopen his case. The district court warned Owens that it would dismiss his case without further notice if he failed to comply with these instructions.

On August 20, 2008, we dismissed Owen's interlocutory appeal. On August 28, 2008, Owens submitted an amended complaint. On September 10, 2008, Owens filed a motion for an extension of time to serve the defendants, indicating that he had requested the appropriate forms from the Clerk of the Court. On

2

September 22, 2008, the district court noted that Owens had not filed a motion to reopen his case or forms for service on the defendants, and dismissed without prejudice Owen's original complaint. Owens filed a motion to reopen, asserting that he had filed an amended complaint to reopen his case. The district court denied the motion, reasoning that Owens had not filed a motion to reopen. Owens appealed.[1]

**II.**

Pursuant to Fed.R.Civ.P. 41(b), a district court may <u>sua sponte</u> dismiss a plaintiff's action for failure to comply with the rules or any order of the court. <u>Lopez v. Aransas County Indep. Sch. Dist.</u>, 570 F.2d 541, 544 (5th Cir.1978); <u>See</u> Fed.R.Civ.P. 41(b). We review a Rule 41(b) dismissal without prejudice for abuse of discretion. <u>Gratton v. Great Am. Communs.</u>, 178 F.3d 1373, 1374 (11th Cir.1999). Dismissal pursuant to Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir.1989).

---

[1] It is not clear whether Owens appeals the dismissal without prejudice of his original complaint, the denial of his motion to reopen, or both. In his notice of appeal, Owens references only the denial of his motion to reopen, but in his appellate brief seems to argue that the district court also erred in dismissing his complaint. In the interest of liberally construing Owens's <u>pro se</u> filings, we will review both. <u>Boxer X v. Harris</u>, 437 F.3d 1107, 1110 (11th Cir. 2006) ("<u>Pro se</u> pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").

3

**III.**

The district court did not abuse its discretion in dismissing without prejudice Owens's original complaint.  See Gratton, 178 F.3d at 1374.  Although the district court did not specify as much, it appears that it based its dismissal on Rule 41(b).  The district court ordered Owens to file a motion to reopen within 30 days of this court's ruling and warned that failure to do so would lead to dismissal of his case.  Although Owens contends on appeal that he filed a motion to reopen on August 27, 2008, he only contended in his motion to reopen that he filed an amended complaint to reopen his case, and the record does not reveal such a motion to reopen.  Because Owens did not comply with a court order, dismissal without prejudice was appropriate.  See Fed.R.Civ.P. 41(b); Lopez, 570 F.2d at 544; Moon, 863 F.2d at 837.  It follows that the district court did not err in denying Owens's motion to reopen.

Moreover, a review of the district court's docket demonstrates that the district court's dismissal without prejudice did not prejudice Owens.  After the district court denied his motion to reopen, Owens filed a second § 1983 complaint challenging the conditions of his confinement.[2]  The district court dismissed the complaint without prejudice for failure to state a claim, and Owens has filed a

---

[2] This case was assigned Case No. 8:08-cv-02501.

4

notice of appeal from the dismissal.  Accordingly, we affirm.

**AFFIRMED.**