[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10257
Non-Argument Calendar

_____

D. C. Docket No. 05-00075-CV-5-MD

JEFFREY JEROME WALKER,

Plaintiff-Appellant,

versus

SUPERVISOR POWELL,

Defendant,

OFFICER ROBERT POWELL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 30, 2009)

Before EDMONDSON, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Jeffery Walker, Plaintiff, appeals the District Court's dismissal of his section 1983 claim. Plaintiff filed suit against Officer Robert Powell in forma pauperis under the Prisoner Litigation Reform Act of 1995, 28 U.S.C. § 1915 (2000) ("PLRA"). When the Plaintiff failed to make payments on his court fees and failed to account properly for his missed payments, the District Court ordered the Plaintiff to account for his failures and to pay past-due installments. After the Plaintiff failed to do either, the District Court dismissed his claims without prejudice under Fed. R. Civ. P. 41. No reversible error has been shown; we affirm.

Plaintiff challenges the dismissal as an abuse of the District Court's discretion. Under our case law, he contends that the District Court had an obligation to order the prison to turn over his inmate trust account documents before dismissing the case. Plaintiff says that this failure to communicate with the prison is itself an abuse of discretion as a matter of law.

We review the District Court's decision to dismiss a case under Fed. R. Civ. P. 41 for an abuse of discretion. Gratton v. Great Am. Communs., 178 F.3d 1373, 1374 (11th Cir. 1999).

Plaintiff, an inmate in Florida, filed a section 1983 complaint against Officer Powell for intentionally providing him with meals lacking in nutritional value. The

District Court, under the PLRA, ordered Plaintiff to pay the filing fee in accordance with the statute: monthly payments equal to 20% of the preceding month's income for each case pending in the district court until he had paid the $250 filing fee. Plaintiff made no payments, and on 8 November 2007 the District Court ordered Plaintiff to submit a copy of his inmate trust account from April 2005 through the present and to explain any expenditures. Plaintiff filed a notice of compliance. This notice did not include bank account records: merely an assertion that the Plaintiff had no access to funds since 1998.[1] Due to a clerical error, the District Court took no further action.

In October 2008, the District Court became aware that the Plaintiff had filed another case in forma pauperis, and that the supporting documentation revealed that Plaintiff had received significant deposits from 1 March 2008 through 15 August 2008. On 20 October 2008, this District Court ordered the Plaintiff to (1) show cause why the case should not be dismissed for failure to make regular required installment payments, (2) submit a copy of his inmate trust account statement, and (3) remit all past due payments: $51.66.

According to the Plaintiff's 14 November 2008 response to the 20 October

---

[1]We also note that the District Court believed that Plaintiff misrepresented his finances. Inmate trust account records filed in subsequent litigation revealed that Plaintiff had received money at the time of the statement.

order, he made, on average, 12.8 purchases a month; and 15 of those purchases were over $5.00. He was attempting to "manage his funds by spending less than 60% of all gifts."[2] In addition, he had outstanding debts with priority above his filing fees; and he had a filed a grievance against the prison to get documentary information about his inmate trust account.

Plaintiff points to Wilson v. Sargent, 313 F.3d 1315 (11th Cir. 2002), for the proposition that a district court must take reasonable steps to determine whether the prisoner made a sufficient attempt to meet his burden under the PLRA. Id. at 1321. Wilson involved a prisoner lawsuit in which the District Court dismissed for failure to make monthly payments. Id. In Wilson, the District Court dismissed the case sua sponte without making an inquiry about why the prisoner had not paid the fee. Id. at 1320. Plaintiff bases his argument to avoid dismissal on Wilson's language:

> We agree with the Fifth Circuit and hold that before dismissing a prisoner's complaint for failure to comply with an IFP order directing the prisoner to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915, the district court must take reasonable steps, such as those outlined by the Fifth Circuit, to determine whether the prisoner complied with the order by authorizing payment by prison officials.

Id. at 1321. "These steps may include issuing a show-cause order, allowing

---

[2] Plaintiff does not explain where these gifts to him came from or what he spent the money on. What matters is that the Plaintiff received money, spent the money on purchases instead of paying off debts, and failed to explain these purchases to the District Court.

4

objections to the magistrate's report, communicating by telephone, fax, or email with officials of the custodial institution, and issuing an order to the custodial institution." Id. In this case, however, the District Court had no need to seek out prison officials. When Plaintiff's own statements prove that he did not comply with a court order and that compliance was within his control, no further investigation is needed.

Wilson applies to "circumstances beyond [the prisoner's] control . . . ." Id. In this case, Plaintiff was purchasing, by his own admission, 12 items a month -- money he could have used to pay off debts. He was attempting to spend less than 60% of monetary gifts to him on purchases -- money the court had ordered him to use to pay filing fees. The Plaintiff did not adequately explain these purchases to the District Court as he was required to under the initial terms of his suit and the 20 October order. The Plaintiff's failure to comply with the terms of his in forma pauperis petition and the District Court's 20 October order are sufficient justification for the District Court to dismiss the case.

Plaintiff had sufficient documentary evidence of his finances to file another law suit in forma pauperis; his failure to submit similar documents to the District Court in this case was his own. This failure, not the failure of the prison to produce account information, is fatal to Plaintiff's claim.

Plaintiff failed to comply with the District Court's multiple orders, and his own statements provide sufficient information for the District Court to determine the failure was within the Plaintiff's control. In such a situation, no need to communicate with the prison is required.

District courts have broad discretion to dismiss cases for failure to follow orders. The Plaintiff failed to follow the District Court's orders and did not sufficiently explain his failures. The District Court's dismissal of the case was within the broad realm of its authority to manage cases.

AFFIRMED.