[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11877
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00026-WKW-WC


STEVEN THOMASON,

Plaintiff-Appellant,

versus

STATE OF ALABAMA HOME BUILDERS
LICENSURE BOARD,
J. R. CARDEN,
in his official capacity as Executive Director
for the State of Alabama Home Builders
Licensure Board
a.k.a. Chip Carden,
KATHY PERRY BRASFIELD,
in her official capacity as Assistant Attorney
General for the State of Alabama Home
Builders Licensure Board,
JAMIE A. DURHAM,
in her official capacity as Deputy Attorney
General for the State of Alabama Home
Builders Licensure Board,
STEPHEN MCCOLLOUGH,
in his official capacity as Investigator for
the Home Builders Licensure Board for

the State of Alabama., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(July 9, 2018)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Thomason, proceeding *pro se*, appeals from the district court's dismissal following removal of his complaint alleging various constitutional and civil rights violations and state law claims arising from the defendants' actions in state court to enforce homebuilder licensing laws. Thomason now argues that the district lacked jurisdiction over his case, based on the *Rooker-Feldman*[1] doctrine, and abused its authority in dismissing his complaint under Federal Rule of Civil Procedure 41(b).

We will address each point in turn.

I.

We review questions of jurisdiction *de novo*. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

---

[1] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Any claim originally filed in state court may be removed by a defendant to federal court if the case could have been filed in federal court originally.  28 U.S.C. § 1441(a).  District courts shall have original jurisdiction of all civil actions arising under the laws of the United States.  28 U.S.C. § 1331.  In any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.  28 U.S.C. § 1367(a).

The *Rooker-Feldman* doctrine precludes a federal court from exercising jurisdiction where success of the federal claim would effectively nullify a state court judgment.  *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262-63 (11th Cir. 2012).  The lower federal courts lack jurisdiction to review final judgments of state courts, and federal review of such judgments may only be had in the Supreme Court.  *See Feldman*, 460 U.S. at 476; *Rooker*, 263 U.S. at 415-16.  The *Rooker-Feldman* doctrine applies to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  *Nicholson v. Shafe*, 558 F.3d 1266, 1273 (2009).

Here, the district court did not lack jurisdiction based on the *Rooker-Feldman* doctrine.  The defendants did not bring the action, but removed it from

3

state court.  Such removal was proper because the district court had federal question and supplemental jurisdiction.  Moreover, although it appears that a criminal action against Thomason based on unlicensed homebuilding was dismissed just prior to removal, the district court's resolution of Thomason's claims in the instant action would not nullify that dismissal.  Thus, the *Rooker-Feldman* doctrine did not deprive the district court of jurisdiction.

## II.

We review a Rule 41(b) dismissal for abuse of discretion.  *Gratton v. Great Am. Comm.*, 178 F.3d 1373, 1374 (11th Cir. 1999).  A dismissal pursuant to Rule 8 or 10 of the Federal Rules of Civil Procedure is also reviewed for abuse of discretion.  *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).  We review *de novo* the district court's grant of a motion to dismiss under 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys and are liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Ordinarily, leave to amend should be given freely, but a district court can deny leave to amend a complaint when the amendment would be futile.  *Hall v. United States Ins. Co. of Am.*, 367 F.3d 1255, 1262-63

4

(11th Cir. 2004). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

A district court has the authority to *sua sponte* dismiss a complaint for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Dismissal with prejudice under Rule 41(b) is appropriate where there is: (1) a clear record of willful contempt; and (2) an implicit or explicit finding that lesser sanctions would not suffice. *Gratton*, 178 F.3d at 1374. Simple negligence does not warrant dismissal. *In re Se. Banking Corp.*, 204 F.3d 1322, 1332 (11th Cir. 2000).

The district court also has the power to dismiss a complaint for failure to comply with Rule 8(a) and Rule 10(b). *See* Fed. R. Civ. P. 41(b); *Weiland*, 792 F.3d at 1320. Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief, and that each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(a)(2). The statement need

only give the defendant fair notice of what the claim is and the ground upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   In addition, Rule 10(b) requires that each claim be presented in a separate numbered paragraph, each limited as far as practicable to a single set of circumstances and that each claim founded on a separate transaction or occurrence must be stated in a separate count." Fed. R. Civ. P. 10(b).

To survive a Rule 12(b)(6) motion for dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must assert more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, Thomason has not shown that the district court abused its discretion in dismissing his action against the defendants.  As an initial matter, the court properly denied Thomason leave to file an amended complaint late.  Amendment would have been futile because the proposed amended complaint consisted of 106 pages of largely incomprehensible assertions, analysis, and conclusions.  Thus, the only complaint that was properly before the court was the second amended complaint he filed in April 2015.

The court did not abuse its discretion in dismissing Thomason's action under Rule 41(b) because the record showed willful disregard of the court's instructions and the court correctly determined that lesser sanctions would not suffice.  Further, the district court did not abuse its discretion in dismissing Thomason's second amended complaint under Rules 8(a) and 10(b).  The complaint was rambling, incoherent, and provided no context for the defendants to understand the scope and nature of his claims against them.  The paragraphs were overly long, with most containing a confusing combination of facts, legal analysis, and bare accusations.  Finally, the court properly dismissed Thomason's complaint under Rule 12(b)(6), because it failed to state a claim for relief that was plausible on its face.  Accordingly, we affirm the district court's dismissal of Thomason's complaint.

**AFFIRMED.**[2]

---

[2] The Appellees' motion to strike the Appellant's supplemental authority is denied.